[Civ. No. 1354. Second Appellate District.—November 14, 1913.]

## JAMES F. YOUNG, Appellant, v. KITTIE E. YOUNG, Respondent.

DIVORCE—CONFLICT IN EVIDENCE—DENIAL OF DECREE—APPEAL.—Where the evidence is conflicting in an action by a husband for a divorce on the ground of desertion by reason of his wife's persistent refusal to have reasonable matrimonial intercourse with him, a judgment denying a divorce will be affirmed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County denying a decree of divorce. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Trask, Norton & Brown, for Appellant.

JAMES, J.—Plaintiff has appealed from a judgment denying him a decree of divorce. Defendant did not make an-

swer to the complaint, and after hearing the evidence offered by the plaintiff, and other evidence which was introduced upon the court's own motion, judgment was entered denying the relief prayed for.

The parties to the action were married in the year 1882 and there were born to them three children, the youngest of whom at the time this action came on for trial was 22 years of age. The wife was of the age of about 45 and was, so far as the evidence showed, with the exception of an item thereof which will be noticed later, a strong, vigorous, healthy woman. As cause for divorce plaintiff assigned the ground of extreme cruelty and further charged that defendant had for more than a year prior to the commencement of the action been guilty of desertion by reason of her persistent refusal to have reasonable matrimonial intercourse with him. Without dispute, at all, the evidence showed that for at least seven years the defendant had refused to live with the plaintiff as his wife, although during the whole of that time he had contributed to her support and had in fact wholly supported her out of his earnings as a railway conductor, which amounted to about the sum of eighty-four dollars per month. While the plaintiff was being first examined as a witness, the trial judge inquired of him as to whether his wife was present in court, and he replied that she was not. Later when the judge stated that he desired to have the defendant present so that he might interrogate her and would continue the hearing for the purpose of securing her presence, the plaintiff then stated that she was in court. This conduct of the plaintiff in first denying that his wife was present and afterward admitting that she was in the court-room seems to have had great weight in determining the cause against him, although, as the record is here presented, there appears to have been abundant excuse for his first assertion that his wife was not in the court-room. She came wearing spectacles which she was not in the habit of wearing, and wore a veil over her face. Plaintiff in explanation of his divergent statements told the court that he had not at first recognized his wife in that disguise, and her own daughter, who appeared to be more favorably disposed toward her mother than toward the plaintiff, testified to the effect that she did not recognize her mother when she first looked about the court-room. The wife when called as a wit-

ness admitted that she had only had the spectacles about a week and had never during the whole period of her life prior thereto had any need to use articles of that kind. The evidence showed a most pronounced state of inharmony existing between plaintiff and defendant. This condition was attributable to the persistent refusal of the defendant to live with the plaintiff as his wife. The general conduct of the defendant toward the plaintiff tended to show that she had no affection for him, and that she merely continued to occupy the home which he provided in order that she might be thus supported at his expense. In order to justify her attitude toward her husband, after having the admission drawn from her on the witness-stand that she had practically lived separate from him for seven years, she testified that her physical condition was not such as to permit her to do otherwise. She further said: "I am never free from a woman's complaint." This testimony furnished the one single item of proof, and the only item of proof, upon which the trial judge could base a denial of the plaintiff's prayer for relief. As contradicting this bare assertion of the defendant as to her physical condition was the admission made by her that she had only needed the services of a physician once or twice during a period of many years; the statement of a neighbor who testified that the defendant had admitted to her that she was not acting toward plaintiff as his wife, stating as her reason therefor that she "hated him" (defendant first said that she did not remember whether she made this statement, but when pressed for a more positive answer replied that she had not so stated); there was the wife's further testimony that she weighed about one hundred and sixty-three pounds, and the testimony of the husband that she had never had any severe sickness of any kind and had never placed her refusal to live with him as his wife upon the ground of her physical inability so to do. Further, when defendant was asked whether she was willing to submit herself to the examination of a physician to be selected by the court, she demurred and the court then interrupted and said that he would not order such examination in that kind of a case. It was upon this state of the evidence that the trial judge in summing up said: "They are conflicting about their testimony. So far as the testimony is concerned, I don't put very much credence in it, from the

fact that plaintiff sat here on the witness-stand and said he did not know his wife, although she had a thin veil on and glasses.'' So far as the matter of credibility of the plaintiff was concerned, his credibility was not called in question as to any of the main facts of the case, for upon such there was no dispute of any kind whatsoever. There was then only the statement of the wife, as before indicated, given in excuse for her conduct, that her physical condition was not such as to make a closer relation with her husband advisable. This is the one solitary issuable fact upon which, considering the charge of desertion, there can be said to have been a conflict. The rule, however, which precludes an appellate court from interfering with the conclusions of a trial judge where there is any conflict of evidence must compel here an order affirming the judgment. While the evidence which created the conflict upon the point discussed, as presented by the record, appears meager, and while it does seem that the trial judge allowed the fact that plaintiff did not at once recognize his wife in the court-room, to influence his decision on the main issue, still it must nevertheless be said that there was some evidence which sustains the judgment. The charge of extreme cruelty has not been noticed in this discussion, and as to that charge it is sufficient to say that the evidence offered in support of this count in the complaint was of such a nature as to entirely warrant the trial judge in determining that cause of action adversely to plaintiff.

For the reasons stated, the judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1914.